# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3352 | **DATE** | 1/29/2004 |
| **CASE TITLE** | Elmore vs. Rockwell, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying Dearborn Midwest Conveyor Co.'s motion for summary judgment on Counts V and VI of the amended complaint. Document number ( 64-1) is terminated as moot. Defendant, Control Logic's motion for good faith finding is granted. Accordingly, the court approves the settlement between plaintiff and Control Logic, finding the settlement to be in good faith, and barring any potential future legal actions by any parties or potential parties against Control Logic. Parties' agreed motion to continue various schedules is also granted. Accordingly, pretrial order will be due by 2/27/04; and response to any motions in limine by 3/12/04. Pretrial conference reset for 3/25/04 at 4:30 p.m and trial reset for 4/12/04 at 9:30a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 81 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/29/2004 | |
| MPJ | courtroom deputy's initials | | date mailed notice | |
| | | | MPJ6 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GARY ELMORE, )
)
Plaintiff, )
)
v. )
) No. 02 C 3352
ROCKWELL AUTOMATION; VERSA )
CONVEYOR; DEARBORN MIDWEST CONVEYOR )
CO.; GATES RUBBER CO.; AND CONTROL )
LOGIC INC., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

On May 17, 2000, plaintiff Gary Elmore was gravely injured when his arm became entangled in the conveyor system he was maintaining at the U.S. Postal Service's central processing facility in Illinois. The conveyor system used at the plant was built by defendant Dearborn Midwest Conveyor Company ("Dearborn") using electrical controls built by defendant Control Logic, Inc. ("Control"), a subcontractor of Dearborn.

When mail transported by the conveyor system fell off the mail carts, it would collect behind safety screens at points along the route. In order to retrieve this mail, Mr. Elmore had to unscrew the bolts connecting the screen to the system, gather the mail, and replace the screen. His injury occurred when he was attempting to reattach the screen and his hand slipped into the conveyor system.

Dearborn moves for summary judgment on Counts V and VI of the amended complaint, which seek damages against Dearborn under

theories of strict liability and negligence, respectively. On a motion for summary judgment, I must evaluate admissible evidence in the light most favorable to the non-moving party and grant the motion only if the case presents no genuine issue of material fact. *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2000).

In its motion, Dearborn relies exclusively on the government contractor defense explained in *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988) and applied in *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992 (7th Cir. 1996). The defense applies to protect government contractors from liability for design defects where "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment." *Boyle*, 487 U.S. at 512. This defense is not sufficient to justify summary judgment because a genuine issue of material fact exists as to whether Dearborn satisfied the second prong of the test. The postal service specifications for the conveyor system stated that the system had to conform to any OSHA safety requirements which were more rigorous or stringent than the safety mechanisms described in the specifications. Mr. Elmore's expert witness, James Des Jardins, an engineer employed by a mechanical design consulting firm, offers testimony that in violation of OSHA guidelines, the safety screens offered a hazard in an of themselves, the machine did not have a warning label at points

2

where a warning was required, and the emergency stop button was too far from the nip point. This is sufficient to defeat summary judgment on the issue of whether the machine conformed to government specifications. *See Almon v. Burroughs Corp.*, No 86-C100, 1988 U.S. Dist. LEXIS 961, at *5-6 (N.D. Ill. Feb. 10, 1988) (Hart, J.). The motion for summary judgment on Counts V and VI is DENIED.

Control moves separately for summary judgment on Counts IX and X of the amended complaint, but the analysis of the issue is very similar. Control was responsible for electrical control boxes on the conveyor system. Therefore, the safety of the guard design is not at issue with respect to Control. However, the placement of the shutoff switch and the presence or absence of warnings thereon present the same questions of fact as the guard design. Control relies on the testimony of its own expert and of one of Mr. Elmore's colleagues that the warnings were present and adequate and that the shutoff switch was properly located. However persuasive this evidence may be, I am constrained by the rule that summary judgment is appropriate only when questions of law remain. The adequacy of a warning and the safe location of a shutoff switch are indisputably questions of fact. Where the plaintiff presents conflicting expert testimony, I cannot say that a reasonable jury could not find Mr. Elmore's expert more convincing than Control's.

Therefore, the motion for summary judgment on Counts IX and IX is
DENIED.


ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated:   January 29, 2004